### JOHN DENNIE *v.* STATE OF INDIANA.

[No. 3-176A10. Filed August 18, 1976.]

*Robert R. Garrett,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellee.

GARRARD, J.—Appellant Dennie was convicted of robbery. He has expresssly waived all but one of the assignments contained in the motion to correct errors. The issue preserved is whether the court committed reversible error in refusing to grant Dennie's motion for severance so that he might be tried separately from two co-defendants.

It is Dennie's principal argument that a defendant in a criminal case who requests severance is entitled to a separate trial from any alleged co-participants as a matter of right. This question was answered adversely to Dennie in *Frith* v. *State* (1975), 263 Ind. 100, 325 N.E.2d 186. *Cf. Bruton* v. *United States* (1968), 391 U.S. 123. The question of severance is normally a matter within the sound discretion of the trial court. *Frith, supra;* IC 1971, 35-3.1-1-11(b) (Burns Code Ed.)

Dennie additionally argues that the doctrine of *Bruton* v. *United States, supra,* is applicable. In *Bruton,* the jury was permitted to hear the out-of-court admission of another defendant which implicated Bruton. The Court found reversible error since Bruton could not cross examine a co-defendant who elected not to testify and it would be difficult for the jury to disregard the statement when considering Bruton's guilt. The essence of the decision is the prejudice to a defendant from permitting the jury to hear a statement implicating him in a crime when the statement is not admissible to establish his guilt. The holding has been applied in Indiana in *Monserrate* v. *State* (1971), 256 Ind. 623, 271 N.E.2d 420,

and is reflected in our statute providing for separate trials, IC 1971, 35-3.1-1-11(b).

No such extrajudicial admission is involved in this case. Instead, during the course of the trial, one of Dennie's co-defendants elected to change his plea and testify on behalf of the state. After examining this witness out of the presence of the jury and insuring that he understood his constitutional rights and desired to testify, the court permitted him to be called. Dennie made no claim of surprise, nor did he request a continuance. Both he and the third defendant were afforded full opportunity of cross examination. We cannot find that his right to a fair trial was prejudiced. Admittedly, in a separate trial the co-participant was a competent witness, and in either event Dennie was entitled to fully explore his credibility and the "recognized motivation [of one accused of a crime] to shift the blame onto others."[1]

The fact that the state's witness had been identified as a co-accused throughout the trial did not, itself, so prejudice Dennie as to deprive him of a fair trial.

No argument has been presented that the court otherwise abused its discretion.

Affirmed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 352 N.E.2d 837.

---

1. *Bruton* v. *United States, supra,* n. 11, 391 U.S. at 136.